**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 7, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-30869

(Summary Calendar)

_____

CHAMBERS MEDICAL FOUNDATION,

Plaintiff,

versus

CAROL M. PETRIE,

Defendant - Appellee,

versus

RUSSELL C. CHAMBERS, Estate

Movant - Appellant

_____

Appeal from the United States District Court
For the Western District of Louisiana
No. 2:05-CV-786

_____

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

The Estate of Dr. Russell Chambers ("Estate") appeals the district court's denial of its motion to intervene in the underlying suit between the Chambers Medical Foundation ("Foundation") and Carol Petrie Chambers ("Petrie"). The Estate filed a motion to intervene both as of right and permissively, asserting that the Estate has an interest in the litigation because the Estate's tax liability may be affected by the outcome and because the Estate has an interest in seeing that Dr. Russell's "estate plan", as embodied by the agreement at issue in the suit ("the Agreement"), is protected. The district court denied intervention on the grounds that the Estate did not have a sufficient interest in the litigation and that any interest the Estate did possess was adequately represented by the Foundation.

A district court's denial of a motion for intervention as of right is reviewed *de novo*. *See Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). Intervention as of right is to be permitted upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). This Court requires that the interest asserted in intervention be "direct, substantial and legally protectable." *Ross*, 426 F.3d at 757.

"Orders denying permissive intervention are reviewed for 'clear abuse of discretion' and will be reversed only if 'extraordinary circumstances' are shown." *Trans Chemical Ltd. v. China Nat.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Machinery Import and Export Corp.*, 332 F.3d 815, 821-22 (5th Cir. 2003). Under Rule 24(b), permissive intervention is appropriate where "an applicant's claim or defense and the main action have a question of law or fact in common." *Id.* at 824.

The Estate first argues that the district court erred in denying its motion to intervene as of right because the Estate's interest in the litigation is sufficient to meet the requirements of Rule 24(a). The Estate argues that if Petrie alleges and the trial court finds that the entire Agreement is unenforceable, the transaction embodied by the Agreement would have to be "unwound" and assets shifted, which might have unspecified tax implications for the Estate and would undo Dr. Chambers' "estate plan." The Estate does not describe in detail how and to what degree the prospective results from the instant litigation would actually affect the Estate's tax liability or its ability to collect contribution. Accordingly, the Estate's fails to sufficiently specify its financial interest in the case and does not meet its burden of showing a "direct, substantial and legally protectable" interest. *See Ross*, 426 F.3d at 757. The Estate also cites no legal authority suggesting that its abstract interest in ensuring that Dr. Chambers' estate plan is effectuated is sufficient to render the Estate an indispensable party and warrant intervention as of right. *See id.* Further, the Estate does not articulate why the Foundation cannot adequately represent its interest in defending the enforceability of the Agreement. Because the Estate has failed to demonstrate either the sufficiency of its interest or the inadequacy of the existing party's representation if it, the district court did not err in denying the Estate's motion to intervene as of right. *Id.*

The Estate also argues that the district court clearly abused its discretion in denying permissive intervention. The Estate argues that permissive intervention was warranted because the Estate has an economic interest in the outcome of the suit. The Estate cites no authority suggesting

that refusal to allow permissive intervention by a party with an indirect and undefined economic interest in the suit constitutes a clear abuse of discretion. The Estate also fails to otherwise establish that "extraordinary circumstances" are sufficiently present to warrant reversal of the district court's decision. *See Trans Chemical Ltd.*, 332 F.3d at 821-22. Accordingly, we find that the district court did not abuse its discretion in denying permissive intervention.

AFFIRMED.